## Elmen's License

*Gerald D. Prather* and *Kent & Kent*, for appellant.

*Thomas W. Barber*, Special Deputy Attorney General, for Pennsylvania Liquor Control Board.

*Herbert A. Mook*, for protestants.

KENT, P. J., October 19, 1944.—The matter under consideration is the appeal of Joseph T. Elmen, licensee and proprietor of a licensed restaurant known as "The Silver Dollar" and located at 123 Lincoln Avenue, 5th Ward, Meadville, Crawford County, Pa., from an order of the Pennsylvania Liquor Control Board refusing to transfer his restaurant liquor license from the present location to another location on said named street, about 450 feet to the north and designated as 215 Lincoln Avenue.

The opinion and order of the board is as follows:

"On May 1, 1944, Joseph T. Elmen filed with this board an application for transfer of restaurant liquor license for premises numbered 215 Lincoln Avenue in the City of Meadville and County of Crawford. On June 20, 1944, a hearing upon said application was held after notice to the applicant as required by law. At the said hearing which was attended by the applicant and his counsel, the evidence adduced established the following facts:

"1. A number of protests have been filed with the board, objecting to the issuance of a license in these premises, including a petition signed by a number of persons residing in the immediate vicinity of the establishment proposed to be licensed.

"2. The School Board of the City of Meadville has filed a protest against the proposed transfer of the license, by reason of the proximity of the premises proposed to be licensed to a public school building.

"3. A number of the protestants appeared at the hearing and testified that they are opposed to the issuance of a license in these premises by reason of the fact that the proposed transfer would bring the licensee in closer proximity to their homes, and interfere with the peace and quiet of the immediate neighborhood in which they reside.

"4. The establishment for which a license is desired is not within 300 feet of a school building, although it is closer to the school than the establishment now conducted by the applicant, under a restaurant license, at 123 Lincoln Avenue, Meadville, Pa.

"The Pennsylvania Liquor Control Act gives the board discretion in the matter of the transfer of licenses, and authorizes the board to transfer licenses as it may determine. The board, after giving careful consideration of all of the facts of record pertaining to this matter, is of the opinion that the protests should be sustained and that the discretion authorized by the law should be exercised by a refusal of this application for transfer of a restaurant liquor license. Therefore, the following order is made:

*Order*

"And now, July 27, 1944, for the above reasons, it is ordered and decreed that the transfer of a restaurant liquor license applied for by Joseph T. Elmen for premises numbered 215 Lincoln Avenue in the City of

Meadville and County of Crawford be and it is hereby refused."

It appears that appellant is now and has been, for upwards of 10 years last past, the licensed proprietor of restaurants located on Lincoln Avenue, Meadville, Pa. In fact his present license is a renewal for the license year beginning August 1, 1944. This of itself augurs greatly of the qualifications of appellant as a proper person to conduct a licensed restaurant insofar as the Liquor Control Board is concerned and, as we believe, is worthy of some consideration.

It appears from the pleadings in the instant case that the licensee on May 1, 1944, filed application for transfer; hearing was had thereon on June 20, 1944; transfer was refused July 27, 1944; appeal was taken therefrom to the Court of Quarter Sessions of Crawford County, Pa., on August 15, 1944, and at that time hearing de novo was fixed for September 7, 1944, and the following order was entered:

"And now, August 15, 1944, upon presentation of the foregoing petition for appeal and upon due consideration thereof, a hearing on said petition is hereby fixed for the 7th day of September, 1944, at 9:30 o'clock a.m., E. S. T., in the court room at the Court House, Meadville, Crawford County, Pa., and petitioner is hereby directed to give ten days' notice by registered mail of the time fixed for hearing to the Pennsylvania Liquor Control Board and the said Liquor Control Board is hereby ordered to file in this court all of the records of the proceedings of this case on or before September 1, 1944."

On August 31, 1944, the opinion and order of the board was filed. We find no return of service upon the board or any other person or persons whatsoever. But, be this as it may, at the hearing, to wit, September 7, 1944, appearances were recorded for petitioner, the board, and protestants by their respective attorneys

who participated therein as well as the argument before the court thereafter. Such appearance even if voluntary and without notice would in our opinion cure any defective or want of service prior thereto.

This appeal or attempted appeal was undoubtedly taken under the provisions of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, sec. 408, as amended by the Acts of July 18, 1935, P. L. 1246, and June 16, 1937, P. L. 1762, 47 PS §744-408. This legislation provides in section 408(a):

"The board is hereby authorized to transfer any license . . . from one place to another within the same municipality . . . as the board may determine; but no transfers shall be made to a person who would not have been eligible to receive the license originally, nor for the transaction of business at a place for which the license could not originally have been issued lawfully. Upon any refusal to grant a transfer, the person aggrieved shall have the right to appeal to the court of quarter sessions in the same manner as herein provided for appeals from refusals to grant licenses."

By section 404 of the same acts, 47 PS §744-404, it is provided:

"The board . . . shall, upon the written request of any applicant for . . . restaurant liquor license, or . . . transfer thereof, whose application for such . . . transfer has been refused, fix a time and place for hearing of such application for . . . transfer thereof, notice of which hearing shall be mailed to the applicant at the address given in his application. . . . At such hearing, the board shall present its reasons for its refusal . . . If the board shall refuse such license . . . or transfer, following such hearing, notice in writing of such refusal shall be mailed to the applicant at the address given in his application. In all such cases, the board shall file of record at least a brief statement, in the form of an opinion, of the reasons for the ruling or

order, and furnish a copy thereof to the applicant. Any applicant who has appeared before the board . . . who is aggrieved by the refusal of the board to . . . transfer a . . . restaurant . . . license, may appeal within twenty days from date of refusal to the court of quarter sessions of the county in which the . . . restaurant or club is located. Such appeal shall be upon petition of the applicant, who shall serve a copy thereof upon the board, whereupon a hearing shall be held upon the petition by the court upon ten days' notice to the board, which shall be represented in the proceeding by the Department of Justice. The court shall hear the application de novo at such time as it shall fix, of which notice shall be given to the board. The court shall either sustain the refusal of the board or order the issuance of the license [in this case transfer] to the applicant. There shall be no further appeal."

While there may have been some minor irregularities in the proceedings relative to the taking of the appeal in this case, it is our opinion that they are of an inconsequential nature and have been cured by subsequent appearances; the legal requirements have been substantially complied with; the case is properly before the court, and that it has jurisdiction to proceed in the premises de novo and determine the controverted questions involved, basing our determination entirely upon the testimony before us. It seems quite clear that the board is vested with discretionary authority to grant or refuse the transfer of an existing restaurant liquor license from one place to another in the same municipality as it may determine and on appeal the paramount question for the court is whether or not there was an abuse of discretion by the board in its refusal order.

A determination of the question whether or not the board or the court, on hearing de novo, has any discretion in granting or refusing the transfer where the physical requirements of the place, its location with

relation to certain institutions, and the fitness of the applicant are in controversy requires a consideration and construction of sections 403 and 408 of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as amended. Section 403, providing for the granting of the original license is purely mandatory and confers no discretion upon the board, while in section 408 the board is given authority to transfer from one location to another within the same municipality as the board may determine, even if the new location is within 300 feet of any church, hospital, charitable institution, school or public playground. Section 403 of the Act of 1937 contains the following proviso:

"Provided, however, That, in the case of . . . the transfer of any license to a new location, the board may, in its discretion, grant or refuse such . . . transfer if such place, proposed to be licensed, is within three hundred feet. of any . . . school or public playground . . ."

The language used in the two sections of the act, 403 and 408, is vastly different, while they relate practically to the same subject matter. The one controls the granting of a license and the other the transfer thereof, but the adoption of the language in the latter section seems to have been done advisedly and the courts are bound to accept the ordinary meaning of the language used, assuming that the legislature meant just what it said, and any irreparable mischief must be repaired by the legislature as our powers go no further than to take the law as we find it as it now stands.

On the question of the powers of the board, there are no appellate court decisions and the lower court decisions throughout the State are in direct and hopeless conflict. Therefore, whatever conclusions we may reach in the instant case will but add one more decision to one side or the other of the prevailing conflict. The act allows appeals from the board to the court. This

does not mean that the court becomes a licensing board. The court's duty, as we see it, is only to determine whether or not, upon the facts and circumstances established by evidence at the de novo hearing, there was an abuse of discretionary power by the board in refusing petitioner's application to change the location of his restaurant liquor license from 123 Lincoln Avenue to 215 Lincoln Avenue, the same being but a short distance (450 feet) along the same street, in the same immediate community and municipality.

No specific protests are filed with the court in the instant proceeding. As this is a proceeding de novo and we have no record of the board before us, except its "Opinion and Order", we are somewhat in the dark as to the real questions at issue other than that of abuse of discretion on the part of the board in its refusal to transfer the restaurant liquor license involved from one location to another in the same immediate community and municipality. And, further, this question must necessarily be reached and determined from a consideration of the pleadings in the case and evidence introduced at the de novo hearing.

From the pleadings and testimony we arrive at the following facts:

Joseph T. Elmen is the owner and operator of a licensed restaurant located at 123 Lincoln Avenue, Fifth Ward, Meadville, Crawford County, Pa., known as the "Silver Dollar Restaurant", and as such has been licensed for a number of years, and is now licensed by the Liquor Control Board to sell liquors and malt beverages; the business has been and now is being conducted upon leased premises; some little time since the said licensee acquired title to premises located at 215 Lincoln Avenue, approximately 450 feet northwardly upon the same street from the present business location; he has changed, repaired, and converted the store building upon the acquired property, to accommodate

and house his licensed restaurant business to the extent that it meets all the physical requirements of the Liquor Control Board for the conduct of a licensed restaurant business therein; on May 1, 1944, licensee filed with the board an application for transfer of his restaurant liquor license from its present location at 123 Lincoln Avenue to the acquired location at 215 Lincoln Avenue; the application for transfer was proceeded with by hearing before an examiner of the board, which was attended by applicant with his counsel and the matter so proceeded with to the end that the Liquor Control Board on July 27, 1944, filed its opinion and order (hereinbefore quoted) refusing the application for transfer of the license from place to place as prayed for, basing its opinion upon certain protests filed with the board, including a petition signed by persons residing in the immediate vicinity and the School Board of the City of Meadville, Pa., by reason of the proximity of the premises to a "public school building"; none of these protests has been renewed or refiled with the court; no protests of any nature whatsoever by any person or persons, body politic, or remonstrance have been filed to be considered by the court upon the hearing de novo, except as same appears in the testimony taken before the court; the character of the immediate neighborhood of the new location is substantially the same as the present licensed premises; the board has considered petitioner a proper person of good repute competent to conduct a licensed restaurant; both the present and proposed locations and establishments comply with all the requirements of the board insofar as physical requirements are concerned; the board found as a fact that the proposed establishment was not within 300 feet of a school building; the "Dixie Inn", a licensed restaurant located at 126 Lincoln Avenue, is across the street from the present location at 123 Lincoln Avenue; and there is in evidence a petition

signed by some 206 adult residents of the Fifth Ward, Meadville, Pa., requesting that the restaurant liquor license herein involved be transferred from place to place as prayed for and representing that same is a well-conducted establishment; the new location is well equipped for the purposes of a licensed restaurant and the new location, 215 Lincoln Avenue, is in substantially the same kind and type of neighborhood as the present location, 123 Lincoln Avenue.

As we view the instant case our duty is to determine only abuse of the discretionary power of the board. This we do by hearing matters de novo. We do not supersede the board, nor do we displace the board; we correct only where correction is necessary, where it is shown that the board has abused or misplaced its authority, within its wide scope of discretion: Betoff's License, 36 D. & C. 32; Tragesser v. Cooper et al., 313 Pa. 10.

The legislature has said that liquor-licensed restaurants shall not be too near to schools or public playgrounds and has set 300 feet as a proper proximity but has left the determination of that distance to the board. The board has adopted a rule for making such measurement, which as the testimony shows was followed in this particular case and the measurement so made does not bring the proposed new location within the prescribed distance of 300 feet. The adopted rule is not for petitioner alone but general and for all alike. It is our opinion that the rule is not too exacting, unreasonable, or arbitrary. Measurements were made by investigators for the board, according to the adopted rule, and based thereon the board has found as a fact that the establishment for which the transfer is asked is not within 300 feet of a school building or a public playground, the distance, so determined, being 309 feet, 5 inches. To be sure, protestants, at the hearing de novo, presented other measurements, not in compli-

ance with the rule, showing a shorter distance of 275 feet. We are clearly of the opinion that the board did not abuse its discretion in adopting its general measurement rule and we are also of the belief that the board, after having found that even the playground was not within the prescribed distance of 300 feet, gave little if any consideration to the fact in their final order refusing the transfer. This, of itself, could not be an abuse of discretion.

In the board's opinion, which is properly before the court, it is stated:

"The board, after giving careful consideration to all the facts of record pertaining to this matter, is of the opinion that the protests should be sustained and that the discretion authorized by the law should be exercised by a refusal of this application for transfer of a restaurant liquor license."

We do not have the testimony taken before the board before us. We are limited in our analysis of the matters involved to the testimony at the hearing de novo and from that must arrive at our conclusions.

It is quite generally considered that "the most carefully run restaurant . . . is bound at times to create conditions which, through no fault of the proprietor, more or less disturb the peace and interfere with the comfortable and quiet enjoyment of their homes and places of business by the local residents. Such incidents are ordinarily insufficient in number, frequency, and magnitude to constitute a serious complaint against a single, or even a few, well-run establishments": In re Transfer of Liquor Licenses, 46 D. & C. 93, 98. In this connection it is our opinion that the created conditions must approach, if not reach, a general nuisance in the neighborhood before the board can exercise its extreme discretion by refusing the transfer of an existing license to a properly-equipped establishment, and particularly so when the proposed location is in the same

immediate vicinity only 450 feet away on the same street and where no complaints have been lodged, with the proper authorities, against the present establishment, or the conduct thereof, which is the fact in the instant case. Likewise, we are of the opinion that the petition of residents of the community, hereinbefore mentioned, is proper for the court's consideration in the premises. It is a clear statement of their views of the applicant's fitness and the character of his present licensed restaurant, and it tends to rebut any probability that in the new location things might become different. Such a petition as we have here gives weight to applicant's petition and rebuts, to some extent, any probability of a change in the new location.

Every case must stand on its own feet and the sole purpose of an appeal, provided for by the act, is to prevent an unreasonable or arbitrary exercise of power or an abuse of discretion on the part of the Liquor Control Board: In re Refusal of Liquor License of Atwood Hotel, 14 Wash. Co. 74.

If the board committed substantial error in its conclusions of law or deductions of fact, such error would be a technical abuse of discretion and would require the sustaining of the appeal. If the residents of the district are opposed to licenses on moral grounds, or the illegal conduct of a licensed restaurant, they have their remedy in the provisions of the act. If the applicant for this transfer of license from place to place has met all the requirements of the act, and we believe he has, then he is entitled to the transfer. After a very careful review of the record and the testimony at the hearing de novo, to which we are limited in our analysis, we can but conclude that the board committed such substantial error in its conclusions of law and deductions of fact in the instant case as amounts to a technical abuse of discretion and requires the sustaining of the appeal.

*Order*

And now, October 19, 1944, for the reasons and conclusions herein stated the appeal is sustained and it is directed that the existing restaurant liquor license of Joseph T. Elmen be transferred from premises designated as 123 Lincoln Avenue to 215 Lincoln Avenue, Fifth Ward, Meadville, Crawford County, Pa., as prayed for, and for so doing this shall be sufficient warrant and authority.